UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANSELMA ANDRESILLO,

    Plaintiff,

v.

AUDIT & ADJUSTMENT COMPANY, INC.,

    Defendant.

CASE NO. C09-032JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff Anselma Andresillo's motion for summary judgment (Dkt. # 18) and Defendant Audit & Adjustment Company, Inc.'s motion to strike (Dkt. # 31). The court deems oral argument unnecessary. Having considered the motions and all responsive pleadings, for the following reasons, the court DENIES both motions as MOOT.

## II. BACKGROUND

On December 8, 2008, Ms. Andresillo filed suit in King County Superior Court against Audit, a debt collector, alleging violations of Washington's Consumer Protection Act ("CPA"), RCW 19.86.010 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in connection with Washington's charity care law, RCW 70.170.010 *et*

ORDER – 1

*seq*. (Compl. (Dkt. # 2) ¶ 3 (attached as Exhibit 1 to the Declaration of David W. Quigley (Dkt. # 2)).) Ms. Andresillo alleges that Audit violated the CPA and the FDCPA by (1) attempting to collect a debt for medical services on behalf of Northwest Hospital and Medical Center ("Northwest Hospital") without advising her of her alleged right to qualify for charity care under Washington's charity care law, (2) stating that it was too late to qualify for charity care, and (3) failing to return the account to Northwest Hospital.

In September 2007, Ms. Andresillo received medical care from Northwest Hospital. (Compl. ¶ 34.) Ms. Andresillo was uninsured at the time. (*Id*. ¶ 35.) Northwest Hospital sent Ms. Andresillo a bill for $2,732.84. (*Id*. ¶ 36.) After Ms. Andresillo failed to pay the bill, Northwest Hospital assigned the account to Audit for collection. (*Id*. ¶ 37.) On January 31, 2008, Ms. Andresillo received a collection letter for $2,732.84 from Audit. (*Id*. ¶ 38.) The collection letter did not include any information discussing Ms. Andresillo's rights under Washington's charity care law. (*Id*. ¶ 39.) Ms. Andresillo did not pay the debt. On August 8, 2008, Ms. Andresillo received a second collection letter for $2,905.35 from Audit. (*Id*. ¶ 40.) The second collection letter indicated that it was a 48-hour notice and included in the amount due the original principal as well as $172.51 in interest. (*Id*.) Again, the second collection letter did not include any information discussing Washington's charity care law. (*Id*. ¶ 41) Ms. Andresillo did not pay the debt. On August 25, 2008, Audit filed suit in King County District Court to collect the debt. (*Id*. ¶ 42.)

In her complaint, Ms. Andresillo seeks declaratory relief. (*Id*. ¶ 61.) She requests "a declaratory judgment on behalf of herself and the Class determining that under Washington charity care law, qualifying patients have a right to receive charity care when their hospital accounts are assigned to Defendants for collection." (*Id*.) On February 23, 2009, Ms. Andresillo filed the instant motion for summary judgment (Dkt. # 18). She requests "a

ORDER – 2

declaratory ruling that her legal right to qualify for charity care continued after her account was assigned to [Audit], and that [Audit] is therefore required to return her hospital account to Northwest Hospital . . . so that it can process her charity care application now." (Mot. (Dkt. # 18) at 1.) Ms. Andresillo's motion for summary judgment is limited to her declaratory judgment claim.

On February 18, 2009, prior to the filing of the instant motion, Northwest Hospital offered to grant Ms. Andresillo charity care with respect to the debt at issue in this case. (Declaration of Matthew Geyman ("Geyman Decl.") (Dkt. # 14) ¶ 9.) Subsequently, by letters dated February 23, 2009, Northwest Hospital confirmed that Ms. Andresillo qualified for charity care and that she no longer owed the debt. (Declaration of David Fagan ("Fagan Decl.") (Dkt. # 29), Exs. 4-5.) Both parties to this suit agree that Ms. Andresillo has now received charity care. (Mot. at 3; Resp. (Dkt. # 27) at 14; Reply (Dkt. # 35) at 3, 9.)

### III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing there is no material factual dispute and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the nonmoving party must present affirmative evidence

ORDER – 3

to demonstrate specific facts showing that there is a genuine issue for trial. *Galen*, 477 F.3d at 657.

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes courts to grant declaratory relief in cases of "actual controversy" within their jurisdiction. "[F]ederal courts will not grant declaratory relief in instances where the record does not disclose an 'actual controversy.'" *Evers v. Dwyer*, 358 U.S. 202, 203 (1958). Courts must determine whether an actual case or controversy exists within the meaning of Article III of the United States Constitution. *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The Supreme Court articulated the basic test as follows:

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991). This test applies throughout the lawsuit and a claim for declaratory relief may become moot where a change in the circumstances that prevailed at the beginning of the case forestalls any occasion for meaningful relief. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005).

Here, the court concludes that declaratory relief is inappropriate at this time because no real controversy exists between the parties on this issue. Ms. Andresillo's claim for declaratory relief simply does not rise to the level of an ongoing substantial controversy, between parties with adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Gator.com*, 398 F.3d at 1129.

ORDER – 4

First, Ms. Andresillo has already received charity care from Northwest Hospital for the debt at issue in this case. As discussed above, the parties agree on this point. (Mot. at 3; Resp. at 14; Reply at 3, 9.) In light of this change, Ms. Andresillo has revised her request for declaratory relief, stating that "it is not necessary to order [Audit] to return the bill to [Northwest Hospital]." (Reply at 11 n.3.) A fair reading of the motion and reply thus leaves the court with the sole issue of whether Ms. Andresillo is entitled to a declaratory judgment stating that "she had the right to qualify for charity care after her account was assigned to [Audit]." (Reply at 1.) At this time, however, declaratory relief will not change the status of her debt or affect her relationship with either Northwest Hospital or Audit.[1] Ms. Andresillo would receive no meaningful relief as a result of a declaratory judgment. In effect, Ms. Andresillo's request for declaratory judgment is an attempt to establish that Audit misrepresented Ms. Andresillo's legal rights under Washington's charity care law for purposes of her FDCPA and CPA claims. These claims will involve fact-based analysis.[2] To the extent the court must interpret WAC 246-453-020(10) as part of its determination of Ms. Andresillo's FDCPA and CPA claims, the court will interpret the regulation at that time and in reference to the facts of the case. It declines to make a premature finding on this issue.

---

[1] The court is not persuaded by Ms. Andresillo's contention that declaratory relief is necessary because she intends to seek medical services from Northwest Hospital in the future. (Reply at 10.) Ms. Andresillo has presented no information suggesting that she does not now understand the correct process for applying for charity care with Northwest Hospital, nor does she contend that Northwest Hospital will prematurely assign a future debt to Audit for collection. On the present record, it is thus difficult to envision any circumstance in which Audit would attempt to collect a debt from Ms. Andresillo on behalf of Northwest Hospital absent Ms. Andresillo's wilful failure to cooperate with Northwest Hospital's charity care application process. Ms. Andresillo's contention is simply too speculative to establish an actual ongoing controversy.

[2] Ms. Andresillo's FDCPA and CPA claims appear highly fact-specific in nature. This observation casts some doubt on whether this case is appropriate for class certification. Pursuant to Federal Rule of Civil Procedure 23(c)(1)(A) and Local Rules W.D. Wash. CR 23(i)(3), the question of class certification will soon be presented to the court. After the court rules on that question, both the parties and the court will be in a better position to evaluate the issues of this case.

ORDER – 5

Second, contrary to Ms. Andresillo's contentions, Audit will not simply be free to return to its old ways if the court declines to grant declaratory relief at this time. Ms. Andresillo's claims under the FDCPA and the CPA will address the conduct that is at the core of Ms. Andresillo's lawsuit.

Third, this case remains at an early stage of proceedings. Audit has not yet filed an answer to the complaint, the parties have not commenced discovery, and Ms. Andresillo has not moved for class certification. Even if the court were presented with an actual controversy, the court would hesitate to announce broad statements of the law unmoored from a solid factual context. *Cf. Tousa Homes Inc. v. Phillips*, 363 F. Supp. 2d 1274, 1284 (D. Nev. 2005); *Hou Hawaiians v. Cayetano*, 996 F. Supp. 989, 999 (D. Haw. 1998).

In sum, the court concludes that declaratory relief is inappropriate at this time because no real controversy exists between the parties on this issue. The court denies the motion for summary judgment as moot. The court further denies Audit's motion to strike as moot. Having denied the motion for summary judgment, the court need not rule on the admissibility of the various documents and representations accompanying the motion for summary judgment.

## IV. CONCLUSION

For the reasons stated above, the court DENIES the motion for summary judgment (Dkt. # 18) as MOOT and DENIES the motion to strike (Dkt. # 31) as MOOT.

Dated this 1st day of June, 2009.

JAMES L. ROBART
United States District Judge

ORDER – 6